I concur as to the warranty claim; otherwise, I dissent. This Court has held that the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD") "does not apply to the seller of a used, wrecked vehicle for salvage." Treadwell Ford, Inc. v.Campbell, 485 So.2d 312, 318 (Ala. 1986). In that case, the seller against whom liability was asserted was Dairyland Insurance Company ("Dairyland"), which "paid a total loss claim on" a wrecked vehicle and then "sold it to a salvage company."Id. at 313. The vehicle — after travelling further in the stream of commerce — was repaired and placed back in service, and it then was involved in a fatal accident. In holding that Dairyland was not liable under the AEMLD, the Court explained:
 "Dairyland had nothing to do with the repair work, nor did Dairyland sell or attempt to sell other than to a junkyard for salvage. This is too far afield of the sellers in the chain of marketing a new product to be reached by the Alabama Extended Manufacturer's Liability Doctrine."
Id. at 318 (emphasis added).
In my view, Treadwell Ford controls this case. The tire that caused these injuries was salvaged out of a scrap pile of old, discarded tires on the defendant's property. The defendant under these facts is simply "too far afield of the sellers in the chain of marketing a new product to be reached by the Alabama Extended Manufacturer's Liability Doctrine." For this reason, I respectfully dissent in part.
HOOPER, C.J., and MADDOX and HOUSTON, JJ., concur.